**2023-1161**

---

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

**LARRY GOLDEN,**
Plaintiff-Appellant,

v.

**APPLE INC.,**
Defendant-Appellee.

---

Appeal from the United States District Court for the Northern District of California
in Case No. 3:22-cv-04152-VC, Judge Vince Chhabria

---

**CORRECTED RESPONDING BRIEF OF DEFENDANT-APPELLEE**

February 21, 2023

Julia K. York
SKADDEN, ARPS,
  SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-7000

Christopher J. Coulson
SKADDEN, ARPS,
  SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3785

*Counsel for Defendant-Appellee*
*Apple Inc.*

## CERTIFICATE OF INTEREST

Counsel for Defendant-Appellee Apple Inc. certifies the following:

1. The full name of the party represented by us is:

   Apple Inc.

2. The name of the real parties in interest represented by us:

   Not applicable.

3. All parent corporations and publicly held companies that own 10 percent or more of the stock of the party represented by us are as follows:

   Not applicable.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

   Karen Lent and Jack DiCanio of Skadden, Arps, Slate, Meagher & Flom LLP.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal are:

   None.

6. Information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):

   Not applicable.

DATED: February 21, 2023    By:   /s/  Julia K. York
                                     Julia K. York

# **TABLE OF CONTENTS**

**PAGE**

CERTIFICATE OF INTEREST .................................................................... ii

TABLE OF CONTENTS ............................................................................ iii

TABLE OF AUTHORITIES ....................................................................... vi

STATEMENT OF RELATED CASES........................................................ xii

INTRODUCTION ........................................................................................1

JURISDICTIONAL STATEMENT..............................................................3

STATEMENT OF ISSUES ON REVIEW....................................................4

STATEMENT OF THE CASE .....................................................................5

I.      The Patents-In-Suit ..........................................................................5

II.     Mr. Golden's History of Frivolous Litigation ................................7

III.    The District Court's Dismissal of Mr. Golden's Complaint ..........13

SUMMARY OF ARGUMENT....................................................................16

ARGUMENT ..............................................................................................18

I.      The District Court Correctly Dismissed Mr. Golden's Complaint as
        Frivolous and for Failing to State a Plausible Claim for Relief. ......18

      A.      Mr. Golden fails to state a claim for patent infringement.......19

            1.      Mr. Golden's Complaint fails to allege a plausible claim
                of direct infringement. .............................................19

            2.      Mr. Golden's improper post-Complaint factual
                allegations should be disregarded. ............................23

                  (a)     The new factual allegations in Mr. Golden's
                        Opposition Brief were improper and failed to cure
                        deficient pleadings. ...............................................23

(b)    The new facts in Mr. Golden's reply brief should
be disregarded.............................................................27

(c)    The new argument that Apple products are
equivalent to Google products and the new facts in
Mr. Golden's opening informal brief should also
be disregarded.............................................................28

3.    Mr. Golden fails to allege a plausible claim of indirect
infringement. ...........................................................30

4.    Mr. Golden fails to allege a plausible claim of joint
infringement. ...........................................................31

B.    The District Court correctly dismissed Mr. Golden's antitrust
and unjust enrichment claims......................................................33

1.    Mr. Golden's antitrust and unjust enrichment claims are
frivolous attempts to evade issue preclusion. ...........................33

2.    Mr. Golden waived his arguments against the dismissal
of his antitrust and unjust enrichment claims. ..........................35

3.    Mr. Golden failed to state an antitrust or unjust
enrichment claim in his original Complaint. ............................36

II.    The District Court Correctly Held that, in the Alternative,
Mr. Golden's Patent Claims are Barred by Issue Preclusion............................39

A.    The Issue of Infringement by Apple Products is the Same in this
Case as in *Golden I*.........................................................42

B.    The Issue of Infringement by Apple Products was Actually
Litigated in *Golden I*. .....................................................44

C.    This Issue of Infringement by Apple Products was Necessarily
Decided and is Essential to the Prior Judgment in *Golden I*.................46

D.    Mr. Golden Had a Full and Fair Opportunity to Litigate the
Issue of Infringement by Apple Products in *Golden I*.......................47

E.    This Infringement Issue was Decided by a Valid and Final
Judgment. ..................................................................48

III.    Alternatively, Mr. Golden's Patent Claims are Barred by the *Kessler* Doctrine. ................................................................................48

IV.    The District Court Did Not Abuse Its Discretion in Dismissing Mr. Golden's Complaint without Providing Mr. Golden an Opportunity to Amend. ...................................................................51

CONCLUSION ........................................................................................54

CERTIFICATE OF COMPLIANCE ....................................................56

CERTIFICATE OF SERVICE ..............................................................57

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*3rd Eye Surveillance, LLC v. United States*,
    156 Fed. Cl. 104 (Fed. Cl. 2021) ................................................................20

*Abe v. AFCH, Inc.*,
    No. 2:20-cv-08193-ODW (PVCx), 2021 WL 2209309 (C.D. Cal.
    June 1, 2021) ..............................................................................................41

*American Ad Management, Inc. v. General Telephone Co. of Cal.*,
    190 F.3d 1051 (9th Cir. 1999) .....................................................................38

*Arunachalam v. Apple, Inc.*,
    806 F. App'x 977 (Fed. Cir. 2020)*, cert. denied*, 141 S. Ct. 451 (2020) ......20

*Arunachalam v. Apple, Inc.*,
    No. 5:18-cv-01250-EJD, 2018 WL 5023378 (N.D. Cal. Oct. 16,
    2018), *aff'd*, 806 F. App'x 977 (Fed. Cir. 2020), *cert. denied*, 141 S.
    Ct. 451 (2020) ......................................................................................30, 31

*Associated General Contractors of Cal., Inc. v. Cal. State Council of*
    *Carpenters*,
    459 U.S. 519 (1983) ....................................................................................38

*Bot M8 LLC v. Sony Corp. of America*,
    4 F.4th 1342 (Fed. Cir. 2021) .....................................................................19

*Brain Life, LLC v. Elekta Inc.*,
    746 F.3d 1045 (Fed. Cir. 2014) .............................................................48, 49

*Columbia Pictures Industries, Inc. v. Professional Real Estate Investors,*
    *Inc.*,
    944 F.2d 1525 (9th Cir. 1991), *aff'd*, 508 U.S. 49 (1993) ...........................37

*Doe ex rel. United States v. Vratsinas Construction Co.*,
    853 F. App'x 133 (9th Cir. 2021) ................................................................52

*Engel Industries, Inc. v. Lockformer Co.*,
    166 F.3d 1379 (Fed. Cir. 1999) ...................................................................35

*In re Fielder*,
    471 F.2d 640 (C.C.P.A.1973) ........................................................29

*Fosnight v. Jones*,
    41 F.4th 916 (7th Cir. 2022) ........................................................52

*Genetic Technologies Ltd. v. Merial L.L.C.*,
    818 F.3d 1369 (Fed. Cir. 2016) ..................................................18

*Glover v. Cohen*,
    No. 2021-2126, 2022 WL 5082130 (Fed. Cir. Oct. 5, 2022) ..................39, 40

*Golden v. Apple Inc.*,
    No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020),
    *aff'd*, 819 F. App'x 930 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1067
    (2021) ..................................................................................1, 9

*Golden v. Apple Inc.*,
    No. 6:20-cv-02270-BHH-KFM, 2020 WL 11624670 (D.S.C. Sept. 11,
    2020), *report and recommendation adopted*, No. 6:20-cv-02270-JD-
    KFM, 2021 WL 4260782 (D.S.C. Sept. 20, 2021), *aff'd*, No. 21-2160,
    2022 WL 986984 (4th Cir. Mar. 31, 2022) ......................................10, 11, 34

*Golden v. Apple Inc.*,
    819 F. App'x 930 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1067
    (2021) ..................................................................9, 10, 36, 48

*Golden v. Apple, Inc.*,
    No. 6:20-cv-04353-JD-KFM, 2021 WL 5890508 (D.S.C. Feb. 5,
    2021*), report and recommendation adopt*ed, No. 6:20-cv-04353-JD-
    KFM, 2021 WL 5074739 (D.S.C. Nov. 2, 2021*), aff'd*, No. 2022-
    1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) ......................................11

*Golden v. Apple Inc.*,
    No. 6:20-cv-02270-JD-KFM, 2021 WL 4260782 (D.S.C. Sept. 20,
    2021), *aff'd*, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022)....2, 11

*Golden v. Apple Inc.*,
    No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022).............6, 12, 26

*Golden v. Google, LLC*,
No. 6:21-cv-00244-JD-KFM, 2021 WL 5083804 (D.S.C. Nov. 2, 2021), *vacated and remanded on single issue sub nom. Golden v. Apple Inc.*, No. 2022-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) ........................................................................................12

*Golden v. United States*,
137 Fed. Cl. 155 (Fed. Cl. 2018) ....................................................9

*Golden v. United States*,
955 F.3d 981 (Fed. Cir.), *cert. denied*, 141 S. Ct. 908 (2020) ......................10

*Golden v. United States*,
156 Fed. Cl. 623 (Fed. Cl. 2021), *aff'd*, No. 2022-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022) ..............................................1, 8, 45, 46, 53

*Golden v. United States*,
No. 13-307C, 2021 WL 3238860 (Fed. Cl. 2021) ..................................44, 45

*Golden v. United States*,
No. 2022-1196, 2022 WL 4103287
(Fed. Cir. Sept. 8, 2022) ............................................... 8, 9, 42, 46, 47, 48, 51

*Government of Guam v. Guerrero*,
11 F.4th 1052 (9th Cir. 2021) ........................................................28

*Haywood v. Massage Envy Franchising, LLC*,
887 F.3d 329 (7th Cir. 2018) ........................................................51

*HTC Corp. v. IPCom GmbH & Co., KG*,
667 F.3d 1270 (Fed. Cir. 2012) ....................................................48

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
153 F.3d 1318 (Fed. Cir. 1998) ....................................................35

*Illumina, Inc. v. BGI Genomics Co.*,
No. 19-CV-03770-WHO, 2022 WL 899421 (N.D. Cal. Mar. 27, 2022), *appeal dismissed*, No. 2022-1733, 2022 WL 3044663 (Fed. Cir. Aug. 2, 2022) ........................................................................31

*In re Kahn*,
441 F.3d 977 (Fed. Cir. 2006) ....................................................29

*Kelley v. Secretary, U.S. Department of Labor*,
   812 F.2d 1378 (Fed. Cir. 1987) ....................................................40

*Kenyon v. United States*,
   683 F. App'x 945 (Fed. Cir. 2017) ..............................................29

*Lowe v. United States*,
   79 Fed. Cl. 218 (2007) ..................................................................40

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016) ....................................................32

*Menzel v. Scholastic, Inc.*,
   No. 17-cv-05499-EMC, 2018 WL 1400386 (N.D. Cal. Mar. 19, 2018).......37

*Miller v. United States*,
   No. 10-274 T, 2010 WL 3835025 (Fed. Cl. Sept. 28, 2010) .......................40

*Moore U.S.A., Inc. v. Standard Register Co.*,
   229 F.3d 1091 (Fed. Cir. 2000) ....................................................29

*Newimar, S.A. v. United States*,
   No. 21-cv-1897, 2022 WL 17072803 (Fed. Cl. Nov. 14, 2022) ..................28

*Ohio Willow Wood Co. v. Alps South, LLC*,
   735 F.3d 1333 (Fed. Cir. 2013) ....................................................39

*Ottah v. Bracewell LLP*,
   No. 2022-1876, 2022 WL 16754378 (Fed. Cir. Nov. 8, 2022)...............20, 24

*PersonalWeb Technologies LLC v. Google LLC*,
   8 F.4th 1310 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 1445 (2022) ......24, 30

*In re PersonalWeb Technologies LLC*,
   961 F.3d 1365 (Fed. Cir. 2020), *cert. denied sub nom. PersonalWeb
   Technologies, LLC v. Patreon, Inc.*, 142 S. Ct. 2707 (2022) .................49, 50

*Point Conversions, LLC v. Lopane*,
   No. 2021-1713, 2021 WL 3926012 (Fed. Cir. June 29, 2021) .......................4

*Reese v. Verizon California, Inc.*,
   498 F. App'x 980 (Fed. Cir. 2012)................................................41

*Retractable Technologies, Inc. v. Becton Dickinson & Co.*,
  842 F.3d 883 (5th Cir. 2016) .........................................................35

*Siegler v. Sorrento Therapeutics, Inc.*,
  No. 2020-1435, 2021 WL 3046590 (Fed. Cir. July 20, 2021) ......................53

*Sonos, Inc. v. Google LLC*,
  591 F. Supp. 3d 638 (N.D. Cal. 2022), *leave to appeal denied*,
  No. 2022-134, 2022 WL 1486359 (Fed. Cir. May 11, 2022) ......................31

*Stauffer v. Brooks Brothers Group, Inc.*,
  758 F.3d 1314 (Fed. Cir. 2014) ....................................................28

*SynQor, Inc v. Vicor Corp.*,
  988 F.3d 1341 (Fed. Cir. 2021) ....................................................44

*Syverson v. International Business Machines Corp.*,
  472 F.3d 1072 (9th Cir. 2007) .....................................................42

*Travel Sentry, Inc. v. Tropp*,
  877 F.3d 1370 (Fed. Cir. 2017) ....................................................35

*Typhoon Touch Technologies, Inc. v. Dell, Inc.*,
  659 F.3d 1376 (Fed. Cir. 2011) ................................................21, 25

*Uniloc USA, Inc. v. Motorola Mobility LLC*,
  52 F.4th 1340 (Fed. Cir. 2022) ....................................................41

*Venkee Communications, LLC v. Ubiquiti Networks, Inc.*,
  No. SACV 21-1009 PSG (DFMx), 2022 WL 2286754 (C.D. Cal.
  Jan. 26, 2022)................................................................21, 27

*Veterans4You LLC v. United States*,
  985 F.3d 850 (Fed. Cir. 2021) ................................................28, 29

*VirnetX Inc. v. Apple Inc.*,
  792 F. App'x 796 (Fed. Cir. 2019) .................................................46

*Yufa v. Hach Ultra Analytics, Inc.*,
  629 F. App'x 983 (Fed. Cir. 2015) .................................................42

*Zoltek Corp. v. United States*,
  672 F.3d 1309 (Fed. Cir. 2012) ....................................................43

x

## **STATUTES**

28 U.S.C. § 1295 ...................................................................................3

28 U.S.C. § 1295(a)(1) ...........................................................................4

28 U.S.C. § 1331 ...................................................................................3

28 U.S.C. § 1498(a) ..........................................................................7, 42

35 U.S.C. § 271 ..............................................................................30, 31

## **RULES**

FED. R. APP. P. 10(a) ...........................................................................29

FED. R. CIV. P. 15 ..........................................................................51, 53

FED. R. EVID. 201 ...............................................................................29

## <u>STATEMENT OF RELATED CASES</u>

There are no other appeals in or from the same civil action or proceeding in the lower court that were previously before this or any other appellate court.

Additionally, there are no cases known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in this appeal.

The Appellant, Larry Golden, has filed numerous other suits alleging largely identical claims against a variety of defendants. While these cases do not bear directly on the outcome of this appeal, they are related in that Mr. Golden claims infringement of the same patents under similar theories. The overwhelming majority of these cases have been dismissed, though several recently filed cases remain live, including:

- *Golden v. Google, LLC*, No. 6:21-cv-00244-JD-KFM, 2021 WL 5083804 (D.S.C. Nov. 2, 2021) (*Golden VI*), *vacated and remanded on single issue sub nom. Golden v. Apple Inc.*, No. 2022-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) (per curiam).

- *Golden v. Qualcomm, Inc.*, No. 4:22-cv-03283-HSG (N.D. Cal. Filed June 6, 2022).

- *Golden v. Google LLC*, No. 4:22-cv-05246 (N.D. Cal. Filed Sept. 14, 2022).

# **INTRODUCTION**[1]

Plaintiff-Appellant Golden's complaint in this action alleges the same patent infringement, antitrust, and unjust enrichment claims that were previously rejected as frivolous by the Court of Federal Claims and the District Court of South Carolina. Those prior dismissals were each affirmed by this Court, and the dismissal of Mr. Golden's latest attempt to reassert these claims in the Northern District of California should likewise be affirmed.

Mr. Golden's patent infringement claims against Apple were dismissed after he had a full and fair opportunity to litigate them in *Golden v. United States*, 156 Fed. Cl. 623 (Fed. Cl. 2021) (*Golden I*), *aff'd*, No. 2022-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022). That complaint was initially filed in 2013, and the case involved multiple dismissals and refilings before finally being dismissed with prejudice in 2021. His patent claims were a necessary part of his contention in *Golden I* that his alleged patented inventions were used by the Government. Rather than accept the repeated dismissals in that case (which were in turn affirmed by this

---

[1] Prior to filing his brief, Mr. Golden served (but did not file) a similar, but different, document styled as Informal Brief of Appellant on counsel of record for Apple that is dated October 22, 2022. Apple responds to Mr. Golden's as-filed Informal Brief of Appellant that is docketed as Document 31, which Apple understands to supersede the previously-served version of Mr. Golden's brief. This Corrected brief is filed under the Court's Order (ECF No. 14) directing Apple to add judicially-noticed documents to its Appellee Appendix and citations thereto to its brief.

Court), Mr. Golden filed a series of duplicative lawsuits. First, in *Golden v. Apple Inc.*, No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020) (*Golden III*), *aff'd*, 819 F. App'x 930 (Fed. Cir. 2020) (per curiam), *cert. denied*, 141 S. Ct. 1067 (2021), he changed the target of his suit from the Government to Apple and the other manufacturers whose products were at issue in *Golden I*. When that did not work, in *Golden v. Apple Inc.*, No. 6:20-cv-02270-JD-KFM, 2021 WL 4260782 (D.S.C. Sept. 20, 2021) (*Golden IV*), *aff'd*, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022), he attempted to restyle his infringement claims as antitrust and state law unjust enrichment claims, but that case was dismissed as well. Now, in this case, Mr. Golden once again sought to dress his patent infringement claims as antitrust violations, only this time in a new venue, the Northern District of California. Mr. Golden's attempt to re-litigate these previously-dismissed claims is frivolous and the District Court correctly dismissed it as such.

Even putting aside all of these prior dismissals, the claims Mr. Golden presses here fail on their merits. He fails to state a plausible infringement claim, as he has not plausibly asserted that Apple, or any other party, does any infringing act, nor has he plausibly asserted that any Apple product satisfies all the elements of any patent claim. His antitrust and unjust enrichment claims also fail on the merits as conclusory and speculative, as his complaint is devoid of *any* factual allegations—much less plausible ones—that could support them.

Mr. Golden's quest to assert these claims against Apple in various forms and jurisdictions has gone on for nearly ten years.  (*See* Appx1.)  The District Court did not err in dismissing this latest iteration of his case without leave to amend, where Mr. Golden's complaint is duplicative of his assertions in prior cases except for vague and conclusory accusations, and where he did not seek to amend and sought summary judgment based solely on the deficient complaint.  This Court should affirm dismissal.

## JURISDICTIONAL STATEMENT[2]

The District Court had jurisdiction over Mr. Golden's complaint under 28 U.S.C. § 1331, as Mr. Golden alleged patent claims pursuant to 28 U.S.C. § 1400(b), as well as antitrust claims pursuant to Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2) and Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15, 26).

This Court has appellate jurisdiction over the appeal from the District Court's order dismissing the complaint under 28 U.S.C. § 1295, which gives the Federal Circuit jurisdiction in any "appeal from a final decision of a district court . . . in any civil action arising under, or in any civil action in which a party has asserted a

---

[2] Appellee includes a Jurisdictional Statement and Statement of the Issues under FED. CIR. R. 28(b) because Mr. Golden did not include these sections in his informal opening brief.

compulsory counterclaim arising under, any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1).

"A civil action arises under the patent laws if the complaint includes a claim asserting a cause of action created by federal patent law." *Point Conversions, LLC v. Lopane*, No. 2021-1713, 2021 WL 3926012, at *1 (Fed. Cir. June 29, 2021) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988)).  An action can also arise under the patent laws if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* at *1 (citation omitted).

The Complaint before the District Court includes claims for patent infringement.  Therefore, even though Mr. Golden purports to raise other claims such as antitrust and unjust enrichment, because at least one claim is a patent infringement claim, this Court has jurisdiction.

## STATEMENT OF ISSUES ON REVIEW

This appeal presents the following issues for review by this Court:

(1)     Mr. Golden originally alleged that Apple products infringe claims of his patents as a required element of his suit against the Government before the Court of Federal Claims in *Golden I*.  The *Golden I* court dismissed Mr. Golden's case (and this Court ultimately affirmed)

4

because, even after many attempts, Mr. Golden could not explain how any product, including any Apple product, infringed.  In this case, Mr. Golden realleged that the same Apple products infringe the same patent claims at issue in *Golden I*, restyled as an antitrust violation.  The District Court here dismissed Mr. Golden's complaint without leave to amend as frivolous, and alternatively because Mr. Golden's patent claims are barred by issue preclusion and his antitrust allegations fail to state a claim.  Was the dismissal without leave to amend a proper exercise of the District Court's discretion?

(2)    The Federal Circuit may uphold a judgment on any basis supported by the record.  Should the District Court's dismissal of Mr. Golden's patent infringement claims be upheld on the alternative bases that (i) Mr. Golden failed to state a claim for patent infringement; and (ii) Mr. Golden's infringement claims are barred by the *Kessler* doctrine?

## STATEMENT OF THE CASE

## I.    The Patents-In-Suit

The patents at issue in these cases are U.S. Patent Nos. 7,385,497 (the "'497 Patent); 8,106,752 (the "'752 Patent"); 9,096,189 (the "'189 Patent); 9,589,439 (the "'439 Patent); 10,163,287 (the "'287 Patent); 10,984,619 (the "'619 Patent) and

Reissue Patent Nos. RE43,891 (the "'891 Patent) and RE43,990 (the "'990 Patent).

The claim chart filed with the Complaint (Compl. Exhibit F) addresses only the first

five patents (the "Claim Chart Patents"). (Appx33 (Compl. ¶ 75), Appx47-226

(Compl. Exhibit F)). The Complaint glancingly addresses the remaining three

patents. (Appx26-29 (Compl. ¶¶ 57-59), Appx36-42 (Compl. ¶ 85)). Mr. Golden

claims to be the holder of these patents, which allegedly concern "Communicating,

Monitoring, Detecting, and Controlling (CMDC) devices, Central Processing Units

(CPUs) for New and Improved Cell Phones, and Stall, Stop, and Vehicle Slow-

Down Systems (SSVSS)." (Appx13-14 (Compl. ¶ 18)).[3] *See also Golden v. Apple

Inc.*, No. 2022-1229, 2022 WL 4103285, at *1 (Fed. Cir. Sept. 8, 2022) (*Golden V*)

(per curiam) (describing patent family). The patents appear to involve "a system for

locking, unlocking, or disabling a lock upon the detection of chemical, radiological,

and biological hazards." *Id*.

Mr. Golden contends that he "competed" with Apple for a DHS contract to

create "a new and improved cell phone capable of biological and chemical sensing,"

(Appx22 (Compl. ¶ 42)), but that in 2010 DHS chose to partner with Qualcomm,

LG, Apple, and Samsung instead. (Appx23 (Compl. ¶ 44)). Mr. Golden alleges

DHS's partnership with these third-party companies led to the development of new

---

[3]    Appellee files a Corrected Appellee Appendix under FED. CIR. R. 30(e)(1) and
the Court's Order (ECF No. 14).

devices using CMDC technology.  In the Complaint dismissed by the District Court—as well as in Mr. Golden's many other previously dismissed complaints—the primary injury identified is that the corporations, allegedly working with DHS, used Mr. Golden's patented technology without obtaining a license to develop new products compatible with various add-on sensors, depriving him of royalty compensation.  (*See* Appx21-25.)

## II.    <u>Mr. Golden's History of Frivolous Litigation</u>

This appeal concerns one of at least *nine* substantively identical complaints that Mr. Golden has filed in federal court.  Each of these complaints concern the same patents at issue in this appeal.  In each iteration of his arguments, Mr. Golden has added a different gloss to his legal (patent-based) theories or filed in a new juridiction to avoid the preclusive effect of rulings dismissing his complaints as frivolous or failing to state a claim.

On May 1, 2013, Mr. Golden filed his first complaint pursuant to 28 U.S.C. § 1498(a) in the Court of Federal Claims, alleging that his patented inventions were used or manufactured by or for the United States government by numerous manufacterers, including Apple.  (*See* Appx298-309 (*Golden I*, No 1:13-cv-00307-EGB, ECF No. 1 (Fed. Cl. filed May 1, 2013))).

Mr. Golden originally asserted the '990 Patent in *Golden I*, but later added the five Claim Chart Patents.  In the face of repeated motions to dismiss by the

Government, Mr. Golden amended his complaint six times, and amended his infringement contentions once. After dismissal of some patent claims, the only remaining claims in *Golden I* were claims of the five Claim Chart Patents. *Golden I*, ECF No. 240-1 (Appx0321) and *Golden I* Opinion (Appx548-550).

As here, Mr. Golden's infringement allegation was based on DHS's solicitations for its Cell-All project seeking to create technology for sensing biological and chemical substances. Mr. Golden alleged that Apple (and other manufacturers') products, in combination with certain third-party equipment associated with the objectives of the Cell-All project, such as chemical and biological sensor equipment, satisfied all elements of claims of the five Claim Chart Patents. *Golden I*, ECF No. 240-1 (Appx321-328)

The Court of Federal Claims held that Mr. Golden had failed to make out an infringement claim based on the combination of Apple (and other manufacturers') products with third-party products, and, because Mr. Golden had been unable to do so despite numerous chances, it was apparent that he could not state such a claim. Thus, the Court of Federal Claims dismissed Mr. Golden's Sixth Amended Complaint with prejudice. *See Golden I*, 156 Fed. Cl. 623, 632 (Fed. Cl. 2021), *aff'd*, No. 2022-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022). This Court affirmed the dismissal, *Golden I*, No. 22-1196, 2022 WL 4103287, at *2 (Fed. Cir. Sept. 8, 2022) (per curiam), noting that Mr. Golden did "not argue that the accused

Apple . . . devices themselves include the sensor and locking limitations" that the Court of Federal Claims held were missing from his contentions. *Id*. Instead, Mr. Golden argued that the Claims court had failed to consider "sensors and detectors that are not 'native' to the manufacture of Apple . . . products." *Id*. The same missing patent claim limitations are at issue in this case.

While *Golden I* was pending, Mr. Golden filed a parallel case in the District of South Carolina, *Golden III*, 2020 WL 415896, at *1-2, against Apple and the other manufacturers whose products were at issue in *Golden I*, in order to, according to Mr. Golden, "force Apple, Samsung, and LG to . . . throw the Government under the bus [or] . . . [d]eny the allegations of infringement . . . open[ing] the companies up to willful infringement." *Golden I*, 137 Fed. Cl. 155, 168 (Fed. Cl. 2018) (Memorandum Opinion and Order Granting-in-Part Motion for Partial Dismissal). Mr. Golden's attempt to force Apple and other manufacturers to participate in the *Golden I* case failed, as the District of South Carolina dismissed *Golden III* becase it "involv[ed] the same patents and the alleged infringement is substantially identical" to *Golden I*. *Golden III*, 2020 WL 415896, at *2. The dismissal was affirmed by this Court. *Golden III*, 819 F. App'x 930 (Fed. Cir. 2020) (per curiam), *cert. denied*, 141 S. Ct. 1067 (2021). This Court did not reach the issue of whether *Golden III* was duplicative of *Golden I*, instead dismissing on the alternative basis that Mr. Golden's complaint was "wholly insubstantial and frivolous." *Id*. at 930.

In affirming the dismissal of *Golden III*, the Federal Circuit noted the absence of "nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant." *Id.* at 931.

Following the dismissal of *Golden I*, further continuing his pattern of frivolous filings, Mr. Golden filed a second case in the Court of Federal Claims in which he restyled his legal theories as Takings Clause claims against the government based on the same patents as in *Golden I*. *Golden v. United States*, No. 1:19-cv-00104-EGB, ECF No. 1 (Fed. Cl. May 14, 2019), (*Golden II*) (Appx562-615). That case was dismissed, and, again, this court affirmed the dismissal. *Golden II*, 955 F.3d 981 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 908 (2020).

Mr. Golden then filed a fourth suit in the District of South Carolina, suing Apple and other manufacturing companies,[4] this time styling his underlying patent infringement allegations as antitrust and unjust enrichment claims. Report of Magistrate Judge, *Golden IV*, No. 6:20-cv-02270-BHH-KFM, 2020 WL 11624670 (D.S.C. Sept. 11, 2020) (hereinafter "Report and Recommendation"), *report and recommendation adopted*, No. 6:20-cv-02270-JD-KFM, 2021 WL 4260782 (D.S.C. Sept. 20, 2021), *aff'd*, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022). The

---

[4]   In *Golden IV*, Mr. Golden sued six of the sixteen third-party companies originally included in *Golden III*.  Later, in *Golden V*, Mr. Golden again sued the full original list of sixteen third-party companies.

Magistrate Judge noted that "although [Mr. Golden] asserts that this action is not one seeking damages for patent infringement, the alleged antitrust allegations herein rely upon [Mr. Golden's] assertion that the defendants' actions constitute patent infringement (and thus that they owe him licensing royalties)." *Id.* at *5. As a result, the magistrate judge determined Mr. Golden was simply attempting to "circumvent the dismissal of his patent infringement claims," and, as a result "the instant matter is subject to summary dismissal as frivolous." *Id.* The district court adopted the Report and Recommendation, *Golden IV*, 2021 WL 4260782, at *3, and the dismissal was affirmed by the Fourth Circuit, *Golden IV*, No. 21-2160, 2022 WL 986984 (4th Cir. Mar. 31, 2022).

Mr. Golden then filed two more suits—his fifth and sixth—in the District of South Carolina. In the fifth suit, Mr. Golden alleged antitrust claims against Apple and other manufacterers that the Magistrate Judge found were premised on "vague conclusory allegations" and "attempt[s] to circumvent the prior dismissals of his patent infringement claims." *Golden v. Apple, Inc.*, No. 6:20-cv-04353-JD-KFM, 2021 WL 5890508, at *4 (D.S.C. Feb. 5, 2021) (*Golden V*), *report and recommendation adopted*, No. 6:20-cv-04353-JD-KFM, 2021 WL 5074739 (D.S.C. Nov. 2, 2021), *aff'd*, No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) (per curiam). The magistrate judge recommended dimissal, which the district court adopted. *Golden V*, 2021 WL 5074739 (D.S.C. Nov. 2, 2021).

In his sixth suit, Mr. Golden alleged patent infringement by Google. Mr. Golden also alleged that Google jointly infringed with Apple, and with Qualcomm. *See Golden v. Google, LLC*, No. 6:21-cv-00244-JD-KFM, 2021 WL 5083804 (D.S.C. Nov. 2, 2021) (*Golden VI*), *vacated and remanded on single issue sub nom. Golden v. Apple Inc.*, No. 2022-1267, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) (per curiam).  The District of South Carolina noted that *Golden VI* "seeks damages against Google for the same allegations that were dismissed as frivolous in Case Number 3, Case Number 4, and Case Number 5; however, it appears that this action represents [Mr.] Golden's attempt to re-litigate claims against Apple and/or Qualcomm and now asserts the same claims against Google." *Id.* at *1.

Mr. Golden appealed both *Golden V* and *Golden VI*, which were consolidated on appeal.  This Court affirmed the dismissal in *Golden V*, No. 2022-1229, 2022 WL 4103285 (Fed. Cir. Sept. 8, 2022) (per curiam), while remanding *Golden VI* because the district court had overlooked a portion of Mr. Golden's revised claim chart against Google.  *Golden V*, 2022 WL 4103285, at *2.  Following remand, the Magistrate Judge in *Golden VI* recommended that the case be dismissed as duplicative of the action against Google that is currently pending in the Northern District of California (as explained below), and Mr. Golden did not timely object to that recommendation. No. 6:21-cv-00244-JD (D.S.C. Nov. 14, 2022), ECF No. 39.

(Appx1788-1796).

Having exhausted his options in the Court of Federal Claims and the District of South Carolina, beginning in June 2022, Mr. Golden filed four new complaints in the Northern District of California against Intel, Qualcomm, Google, and the instant action against Apple. *See Golden v. Qualcomm, Inc.*, No. 4:22-cv-03283-HSG (N.D. Cal. filed June 6, 2022); *Golden v. Intel Corp.*, No. 5:22-cv-03828-NC (N.D. Cal filed June 28, 2022)[5]; *Golden v. Google LLC*, No. 4:22-cv-05246 (N.D. Cal. filed Sept. 14, 2022). In each of this last set of suits, Mr. Golden repackages and recycles the same assertions already dismissed by every other court that has considered his complaints.

This appeal—along with the appeals of *Golden I*, *III*, and *V*—is the fourth time that this Court has considered Mr. Golden's claims against Apple.

## III.    The District Court's Dismissal of Mr. Golden's Complaint

Mr. Golden filed this action against Apple on July 15, 2022, in the Northern District of California. Mr. Golden's Complaint advances the same patent infringement, antitrust, and unjust enrichment claims that were rejected as frivolous in the Court of Federal Claims (in *Golden I*) and the District of South Carolina (in

---

[5]    On November 11, 2022, Judge Cousins dismissed Golden's complaint against Intel Corp., also denying leave to amend. He determined "Golden has had multiple suits, with nearly identical allegations dismissed as frivolous." (Appx1797-1804). Mr. Golden appealed, and that appeal no. 23-1257 has been consolidated with this appeal.

*Golden III*, *IV*, and *V*).  These dismissals were all affirmed on appeal to the Federal Circuit or Fourth Circuit.  Mr. Golden's fundamental allegation, both here and in his prior actions, is the belief that Apple (and other companies), with the assistance of DHS, used his patents to design their products to be compatible with various add-on sensors, and that he has been harmed because they did not obtain a license from him. Mr. Golden alleges that under DHS's "Cell-All Ubiquitous Biological and Chemical Sensing initiative," manufacturers like Apple developed and assembled devices using "Plaintiff's patented [CMDC] device." (Appx16 (Compl. ¶ 25)).  Mr. Golden alleges Apple "was able to form and maintain its monopoly status by using, making, offering for sale, and selling Plaintiff's patented inventions." (Appx44 (Compl. ¶ 92)).  Mr. Golden implies he has patents for Apple's technology, such as "smartphones, tablets, laptops, and smartwatches," (Appx21, Appx31, Appx35 (Compl. ¶¶ 38, 64, 82, 83)), but the patents referenced in the Complaint and records attached thereto reflect that Mr. Golden's patents are for threat-detection devices that allegedly *may be used by* laptops, cell phones, or CPU technologies.

In connection with his antitrust and unjust enrichment claims, Mr. Golden points to news articles describing purported conduct by Apple, including Apple's relationship with Qualcomm, AT&T, and DHS. (Appx17-20, Appx22-23, Appx24 (Compl. ¶¶ 26-31, 42-44, 48)).  Mr. Golden asserts that Apple and others were motivated to conspire with DHS so that Apple would be "free from liability of

infringement if [Apple] performed the work under a government contract." (Appx23-24 (Compl. ¶¶ 45-47)).  Mr. Golden also claims that his market entry was "prevent[ed]" when Apple "mass produced and rushed to market Mr. Golden's patented inventions of new and improved cell phones, smartphones, laptops, tablets, and smartwatches; and new and improved CPUs made for Plaintiff's CMDC devices," which "restrained competition."  (Appx35 (Compl. ¶ 83)).  Mr. Golden further contends that Apple's "collusion" destroyed all possibilities for him to receive royalty compensation for his patented CMDC devices.  (Appx 24 (Compl. ¶ 49)).  Finally, Mr. Golden claims that "Apple's antitrust violations proximately caused the Plaintiff[']s injury [because] Apple's secret conspiracy reduced competition by excluding and foreclosing the mobile phone market for OEMs [and] Plaintiff's antitrust injury resulted from Plaintiff's inability to . . . enter into a licensing agreement with Apple and its co-conspirators [or] OEMs."  (Appx30 (Compl. ¶ 63)).

On August 30, 2022, Apple moved to dismiss Mr. Golden's complaint as barred by issue preclusion and for failing to state a claim.  (Appx267-292.)  On September 8, 2022, Mr. Golden responded to Apple's motion with a response brief as well as a cross-motion for summary judgment, arguing that "[p]ursuant to FRCP Rule 56: Plaintiff has shown that there is no genuine dispute as to any material fact; no reason to challenge the validity of Plaintiffs patents and patent claims; no reason

to prolong summary judgement in this case; and, no genuine dispute as to who own the patent rights for the CMDC devices Apple is unjustly enriching itself with." (Appx986, Appx995.)

On October 20, 2022, Judge Chhabria granted Apple's motion to dismiss. (Appx1.)  Judge Chhabria held that (1) "[t]he claims asserted in the complaint are frivolous"; (2) "Golden's patent infringement claims against Apple are barred by issue preclusion"; and (3) "Golden's antitrust allegations fail to state an even remotely plausible claim." (*Id*.)  Additionally, Judge Chhabria found that "Golden has been pressing these frivolous claims (or some variation thereof) for nearly 10 years in multiple jurisdictions," and that Mr. Golden's complaint is "the rare case where dismissal without leave to amend is appropriate at the outset." (*Id*.) Mr. Golden appealed the Order dismissing the Complaint to this Court.

## SUMMARY OF ARGUMENT

The District Court dismissed Golden's case as frivolous, as other courts have done many times before.  Mr. Golden has raised nothing that justifies disturbing this result.  As explained above, this is the fourth time that this Court has considered Mr. Golden's claims against Apple.  He has never prevailed.  This Court should affirm the dismissal of this latest attempt to raise his claims in yet another venue, the Northern District of California.

First, the District Court correctly concluded that Mr. Golden failed to state a plausible claim. Mr. Golden does not state a plausible claim for patent infringement, as he does not identify an infringing act that is performed by Apple (or anyone else). Mr. Golden also does not allege that any particular Apple product satisfies all the elements of any patent claim. Instead, he alleges that the combination of Apple products with third-party products (such as chemical sensors) would infringe.

Because Mr. Golden does not plausibly allege direct infringement by any specific party, his indirect infringement claims fail, because indirect infringement requires that someone directly infringe. He also cannot plausibly allege joint infringement, because he does not allege that any party directs or controls, or forms a joint enterprise with, another party, which is a required element of joint infringement.

Mr. Golden also does not state a plausible antitrust or unjust enrichment claim, as these claims are merely attempts to recast his patent claims that have been repeatedly dismissed in prior cases. Even if those allegations are not merely recast patent infringement claims, they clearly fail to satisfy the requisite elements of either antitrust claims or an unjust enrichment claim.

Second, as the District Court held in the alternative, Mr. Golden is precluded from re-raising his claims against Apple. Because Mr. Golden has previously

alleged that Apple products infringe the claims of his patents in *Golden I* in the Court of Federal Claims, and lost, he is precluded from contesting this issue in this case.

The Kessler doctrine also bars this suit. Under the Kessler doctrine, because Mr. Golden asserted has patents against Apple's products and lost, Apple has acquired a limited trade right to produce, use and sell these products free from repeated claims that that these same patents are infringed. While Mr. Golden glancingly mentions several additional patents beyond those he raised in his prior unsuccessful cases, these cursory and conclusory statements fall well below the bar for raising a plausible infringement claim.

Therefore, the district court reached the correct result in this case. Dismissal should be affirmed.

## **ARGUMENT**

### I. **The District Court Correctly Dismissed Mr. Golden's Complaint as Frivolous and for Failing to State a Plausible Claim for Relief.**

Mr. Golden's claims are frivolous and fail to state a claim, as recognized by the many courts that have already repeatedly dismissed them. This Court reviews dismissal of claims for failure to state a claim *de novo*. *See Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373-74 (Fed. Cir. 2016) (dismissal for failure to state a claim reviewed *de novo*). Mr. Golden does not allege that Apple, or for that matter any party, performs any infringing act. Mr. Golden attempts—as he has previously done in *Golden IV* and *Golden V*—to sprinkle antitrust jargon into his complaint, but

18

his antitrust and pendent unjust enrichment claims are all premised on his claims of

patent infringement and, in any event, fall well short of stating any cognizable claim.

### A.    Mr. Golden fails to state a claim for patent infringement.

#### 1.    Mr. Golden's Complaint fails to allege a plausible claim of direct infringement.

Mr. Golden's Complaint does not plausibly allege direct infringement.   A

Complaint must contain "factual allegations that, when taken as true, articulate why

it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v.*

*Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (affirming dismissal of patent

infringement claim for failure to state a claim).   "Under *Iqbal/Twombly*, allegations

that are 'merely consistent with' infringement are insufficient." *Id*. at 1354.

In *Bot M8 v. Sony*, this Court affirmed dismissal of a patent infringement

claim because the plaintiff had "failed to offer factual allegations that support a

plausible inference" that certain claim limitations were present in the accused

product. *Id*. at 1355.   The same result should apply here, because Mr. Golden relies

on third-party products (or in some cases a patent specification) as satisfying at least

one element of each asserted patent claim.[6]   As in *Bot M8 v. Sony*, the Complaint

---

[6]   The claim chart attached to the Complaint (Compl. Exhibit F), asserts that an
Apple product in combination with the third-party add-on sensor or equipment
infringes the following claims of the Claim Chart Patents: (i) '497 Patent cl.
1; '752 Patent cl. 10; '439 Patent cl. 13-14 and 22-23: NODE+ sensor.  (Appx56,
Appx63, Appx144, Appx153, Appx220, Appx231, Appx234 (Ex. F at 446, 453,
534, 543, 610, 621, 624)); (ii) '189 Patent cl. 4-6; and '439 Patent cl. 16-18:
*(cont'd)*

here contains no factual allegations that an Apple product itself satisfies all the elements of any patent claim.[7] The Complaint was therefore properly dismissed. *See Arunachalam v. Apple, Inc.*, 806 F. App'x 977, 981 (Fed. Cir. 2020) (affirming dismissal of patent infringement and antitrust claims for lack of factual support), *cert. denied*, 141 S. Ct. 451 (2020).

Because Mr. Golden's infringement assertion relies on a third-party product (or a patent specification) for at least one element of each claim, his infringement claims on their face do not satisfy the *Iqbal* requirement to plead factual content that allows the Court to draw a reasonable inference that Apple is liable for infringement. *See Ottah v. Bracewell LLP*, No. 2022-1876, 2022 WL 16754378, at *3 (Fed. Cir. Nov. 8, 2022) (affirming district court's grant of motion to dismiss patent

---

sensor-embedded sleeve. (Appx94, Appx102, Appx109, Appx170, Appx178, Appx185 (Ex. F at 484, 492, 499, 560, 568, 575)); (iii) '189 Patent cl. 1-2: unspecified interconnected product "capable of sending signals to lock and unlock doors . . . detect for Chemical, Biological, Radiological, Nuclear, or Explosive agents . . . ." (Appx72, Appx81 (Ex. F at 462, 471)); (iv) '189 Patent cl 3; and '439 Patent cl. 15: NFC tags integrated with a sensor. (Appx90, Appx166 (Ex. F at 480, 556)); (v) '287 Patent cl. 4-6: unidentified "field devices (e.g., sensors, etc.)." (Appx245, Appx255, Appx265 (Ex. F at 635, 645, 655)); (vi) '189 Patent cl. 7-9; and '439 Patent cl. 19-21: no product identified (cites to patent specification). (Appx115, Appx124, Appx134, Appx191, Appx200, Appx210 (Ex. F. at 505, 514, 524, 581, 590, 600)).

[7] Although Golden alleges infringement both literally and under the doctrine of equivalents, the doctrine of equivalents does not change the requirement that a product must satisfy each element of a patent claim (the "all elements" rule). *See 3rd Eye Surveillance, LLC v. United States*, 156 Fed. Cl. 104, 108 (Fed. Cl. 2021) (describing application of rule in an infringement analysis).

infringement complaint where plaintiff had identified a camera mounting system as what satisfied the "book holder" element of the claim).

Mr. Golden also does not allege that Apple—or any other party, for that matter—makes, uses, sells, offers to sell, or imports a product that practices all the elements of a patent claim under 35 U.S.C. § 271(a).  Despite identifying Apple products in combination with third-party products, Mr. Golden does not allege that anyone, let alone Apple, does the act of combining an Apple product with the third-party add-on products.  In the absence of any assertion that Apple does an infringing act, Mr. Golden has failed to state a direct infringement claim.  At bottom, the Complaint asserts that Apple products could be combined with other products to infringe Mr. Golden's claims.  But the Federal Circuit has squarely rejected the notion of infringement premised upon a finding that an accused product is "merely capable of being modified in a manner that infringes the claims of a patent." *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1380 (Fed. Cir. 2011) (citation omitted).

The remaining infringement allegations in Mr. Golden's Complaint are too vague to survive a motion to dismiss.  *See Venkee Commc'ns, LLC v. Ubiquiti Networks, Inc.*, No. SACV 21-1009 PSG (DFMx), 2022 WL 2286754, at *4 (C.D. Cal. Jan. 26, 2022) (conclusory allegations of "use" of an invention insufficient).  He gestures to "various government projects" that allegedly "include the integration of

at least an Apple iPad tablet; laptop; or smartphone." (Appx26 (Compl. ¶ 57)). Mr. Golden's bare allegations that Apple assembled, produced, or designed his invention are without any factual support that might render them plausible. (*See* Appx36-44 (Compl. ¶¶ 85, 91)).

Mr. Golden also lists his patents and provides examples of purported infringement, but he does not explain how any Apple product infringes any particular claim. Mr. Golden glancingly mentions Claims 1 and 11 of the '619 Patent (Examples X, XIV) and Claims 11 and 44 of the '891 Patent (Examples XI, XII), but his brief charts do not assert that all of the elements of any claim are embodied in any Apple product. (Appx36-42). For example, Mr. Golden lists the "Apple A13 Bionic Chip" in Chart II, entitled "Central Processing Unit (CPUs) for CMDC Device–Claim 5 of the '287 Patent." (Appx37 (Compl. ¶ 85)). But that claim requires "one or more detectors in communication with at least one CPU for detecting at least one of chemical, biological, radiological, or explosive agents." (Appx247-255 (Compl. Ex. F at 637-645)). Mr. Golden provides no explanation for how this sensor limitation is allegedly satisfied by Apple's A13 Bionic chip. (Appx37).

2.    <u>Mr. Golden's improper post-Complaint factual allegations should be disregarded.</u>

In an attempt to buttress the deficiencies of his Complaint, Mr. Golden has in his opposition and reply brief in the District Court, and again in his appellate brief, sought to include factual allegations (new or modified charts and additional vague allegations) that are not included in the Complaint.  The factual allegations raised for the first time in Mr. Golden's opposition to Apple's motion to dismiss should be disregarded because these facts were not properly before the District Court under Federal Rule of Civil Procedure 12(b)(6), and even if the Court considers these facts, they do not state an infringement claim.  Mr. Golden presented even more charts and other new allegations for the first time in his reply brief and his informal Appellate brief, but this Court has repeatedly ruled that new factual allegations may not be raised for the first time in reply briefing or in an appellate brief.  In any case, Mr. Golden has never explained how the facts he presented in each subsequent brief would cure the defects in his Complaint.

(a)    The new factual allegations in Mr. Golden's Opposition Brief were improper and failed to cure deficient pleadings.

Mr. Golden first included new factual allegations accusing Apple products in combination with third-party products, accusing third-party products standing alone, and alleging infringement by Apple Pay (among other more-vague allegations), in opposing Apple's motion to dismiss.  Mr. Golden alleges that Apple Pay uses near-

field communication (NFC) and asserts that NFC is "claimed" by a list of patent claims, without connecting this allegation to a specific patent claim element. (Appx999-1001 (Opp. at 14-16)). These newly asserted facts should be disregarded. *See Ottah*, 2022 WL 16754378, at \*2 (recognizing that a plaintiff must allege in the ***complaint*** "sufficient facts, taken as true, to state a plausible claim for relief" in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (citations omitted)); *see also PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1315 (Fed. Cir. 2021) (reciting Ninth Circuit standard for review of a motion to dismiss: "whether the ***complaint*** at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." (citation omitted) (emphasis added)), *cert. denied*, 142 S. Ct. 1445 (2022).

Even if the Court were to consider these additional allegations, however, Mr. Golden still fails to state a claim for infringement as he still cannot allege that Apple (or any party) has done any infringing act, nor has he explained how these new facts would otherwise cure the defects in his Complaint. Mr. Golden's Opposition included fourteen modified charts numbered I and (a) through (m), (Appx1005-1011 (Opp. at 20-26)), that are nearly identical to fourteen charts numbered I through XIV that follow Paragraph 85 of the Complaint. In the Complaint, Mr. Golden claimed (without support) that the original version of these charts show that Apple, among others, "assembled the CMDC device while under

24

Government contract." (Appx36 (Compl. ¶ 85)). Mr. Golden then claimed (also without support) that his modified charts illustrate that Apple is responsible for "**contributing to** the infringement of Plaintiff's Communicating, Monitoring, Detecting, and Controlling (CMDC) Device." (Appx1005 (Opp. at 20)). Mr. Golden further claims (without support) that the modified charts show "how contributing products are 'especially made' for use in an infringement of Plaintiff's patents for the CMDC device." (*Id.*)

Only two of the modified charts, Charts (e) and (h) (which correspond to originally filed charts VI and IX) mention Apple, and these charts highlight Mr. Golden's inability to state a direct infringement claim. (Appx1008-1009 (Opp. at 23-24)). Each chart fails to allege that an Apple product satisfies all limitations of any claim, or that Apple has performed any infringing act. Chart (e) relies on a third-party product, and Chart (h) is conclusory.

Chart (e) accuses an unidentified Apple product in combination with a third-party sensor (an "Interchangeable Sensor Device for CMDC Device," the NODE+ platform). (Appx1008). The chart alleges that "[t]he NODE+ [platform] is **compatible with** Android and Apple smart devices." (Appx1009). As explained above, the fact that an Apple product (if one were identified) is compatible with other products that allegedly satisfy a missing claim element does not make out a direct infringement claim. *See Typhoon Touch Techs.*, 659 F.3d at 1380.

Revised Chart (h) fails to allege that any particular Apple product satisfies all elements of any claim. The chart accuses a "Pre-Programmed Lock Disabler for CMDC Device," rather than any Apple product. The chart further accuses a generic "security feature," of an "Android or iOS device," or an "Android or Apple Phone." (Appx1009). The chart recites only a portion of one patent claim, without comparing the elements of that claim to a particular product. (*Id.*)

The rest of Mr. Golden's opposition brief charting is even more vague. Some charts refer to generic devices, such as a "smartphone" (chart I); a "CPU" (chart (a)); a laptop (chart (k)); smartphone (chart (l); or smartphone/laptop (chart(m))). (Appx1006-1011 (Opp. at 21-26)). Other charts refer to third-party devices in combination with a smartphone, such as a camera (chart (b)); smartwatch (chart (c)); nanosensor (chart (d)); NFC tag (chart (f)); or lock disabler (charts (g), (h)). Still other charts refer to generic features of a smartphone or laptop: fingerprint/face recognition (chart (i)); and stall, stop, or vehicle slowdown (chart (j)). Mr. Golden elsewhere includes a set of "CMDC" Device charts, but these charts are respectively addressed to a "cell phone," a "communication device," and "monitoring equipment," not to a particular Apple product. (Appx995-997 (Opp. at 10-12)). None of this states a claim for infringement because, again, Mr. Golden does not allege that any particular Apple product practices all the elements of any patent

claim, or that Apple is responsible for the alleged combinations with third-party sensors or products. *See Golden V*, 2022 WL 4103285, at \*2.

As noted above, Mr. Golden's Opposition also mentioned Apple Pay for the first time. Mr. Golden represents that his patents cover: (i) CMDC devices; (ii) CPUs; and (iii) NFC. (Appx1000-1001 (Opp. at 15-16)). Mr. Golden then asserts that Apple Pay uses NFC and further asserts that Apple Pay allows users to make purchases by holding their device close to a payment terminal, without connecting this assertion to any particular patent claim element. (*Id.*) While these new allegations should (again) be disregarded, they further demonstrate Mr. Golden's inability to state a plausible claim for infringement. Mr. Golden did not include any facts that would establish that Apple directly (or indirectly, for that matter), infringes any asserted claim. Mr. Golden's assertions, along with his allegation that "Apple used Plaintiff's patented technology for CMDC devices; CPUs; and NFC technology to generate hundreds of billions of dollars," (Appx1001 (Opp. at 16)), say nothing about a particular Apple product practicing elements of any claim. *See Venkee Commc'ns*, 2022 WL 2286754, at \*4 (conclusory allegations of "use" of an invention insufficient).

> (b)     The new facts in Mr. Golden's reply brief should be disregarded.

Mr. Golden again asserted new facts in his reply brief in support of his motion for summary judgment, for example that the missing sensor element is satisfied by

a third-party Rhevision product that allegedly "could be added to existing phones." (Appx1037 (Golden Reply at 7)).  New facts and arguments may not be raised for the first time in a reply brief.  *See Newimar, S.A. v. United States*, No. 21-cv-1897, 2022 WL 17072803, at *5 (Fed. Cl. Nov. 14, 2022) (to be reported at __ Fed. Cl. __) ("[C]lear Federal Circuit precedent hold[s that] issues initially raised on reply before a trial court are waived."); *see also Stauffer v. Brooks Bros. Grp., Inc.*, 758 F.3d 1314, 1322 (Fed. Cir. 2014) (collecting authority for this proposition).

> (c) The new argument that Apple products are equivalent to Google products and the new facts in Mr. Golden's opening informal brief should also be disregarded.

In an apparent attempt to analogize this case to his case against Google that was remanded by this Court, Mr. Golden makes the new assertion that Apple products infringe because they are like Google products.  (Br. at 15 (allegation that Pixel 5 and iPhone 12 "mirrors [sic] each other."))  This Court should disregard this new argument, and the newly asserted facts and claim charts that *Golden* includes in support of it.

The general rule is that "a federal appellate court does not consider an issue not passed upon below."  *Veterans4You LLC v. United States*, 985 F.3d 850, 857 (Fed. Cir. 2021); *see also Gov't of Guam v. Guerrero*, 11 F.4th 1052, 1060 (9th Cir. 2021) (argument not raised before the district court was waived on appeal).  While a circuit court may disregard the waiver rule if there are compelling circumstances,

*Veterans4You*, 985 F.3d at 857, Mr. Golden presents no explanation for failing to raise this issue in the District Court, and the general rule of waiver applies with equal force to *pro se* appellants like Mr. Golden. *See Kenyon v. United States*, 683 F. App'x 945, 949 (Fed. Cir. 2017).

Further, the record on appeal is limited to original papers, exhibits, and docket entries. FED. R. APP. P. 10(a). *Moore U.S.A., Inc. v. Standard Reg. Co.*, 229 F.3d 1091, 1116 (Fed. Cir. 2000) (declining to supplement the record on appeal with additional evidence regarding alleged infringement). This is especially the case where, as here, "the party seeking expansion of the record offers no reasonable basis for its failure to produce the preferred evidence at an earlier time. . . ." *Id.*

This Court may also take judicial notice of facts that are "not subject to reasonable dispute," such as court documents from prior Mr. Golden litigations, under FED. R. EVID. 201(b). Mr. Golden's new facts appear to be yet another attempt to modify his infringement allegations, which cannot satisfy this standard. *See In re Kahn*, 441 F.3d 977, 990 (Fed. Cir. 2006) (declining to take judicial notice of an alleged long-felt but unresolved need for a device, and also noting that in *In re Fielder*, 471 F.2d 640, 642–43 (C.C.P.A. 1973), this Court's predecessor declined to take judicial notice of prior art references that were not part of the appeal record).

\*\*\*

Mr. Golden's inability to allege, beyond conclusory statements, that Apple has done an infringing act, and his further inability to allege that any particular Apple product practices all elements of any claim, is fatal to his claims. *See Arunachalam v. Apple, Inc.*, No. 5:18-cv-01250-EJD, 2018 WL 5023378, at \*2-3 (N.D. Cal. Oct. 16, 2018), *aff'd*, 806 F. App'x 977 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 451 (2020). And while this Court should not consider factual allegations made by Mr. Golden outside of his complaint, *see PersonalWeb Techs.*, 8 F.4th at 1315, his repeated past failed attempts from *Golden I* to the present to try to introduce new facts and modified versions of his claims only underscores the futility and frivolity of his claims, especially as Mr. Golden cannot explain how the new facts he has added along the way cure the defects in his Complaint. Accordingly, the District Court should be affirmed.

3. Mr. Golden fails to allege a plausible claim of indirect infringement.

Because Mr. Golden has not plausibly alleged that anyone directly infringes his patent claims and fails to identify a particular product that satisfies all elements of any patent claim, Mr. Golden's indirect infringement claims also fail as a matter of law. A defendant may be liable for indirectly infringing if the defendant actively induces or contributes to another's direct infringement. *See* 35 U.S.C. § 271(b), (c). A plausible allegation that someone directly infringes is a prerequisite to establishing

either induced or contributory infringement under 35 U.S.C. § 271(b) or (c).  *See Arunachalam*, 2018 WL 5023378, at *3.  Mr. Golden's inability to plausibly allege direct infringement is thus fatal to any indirect infringement claim.

Mr. Golden also fails to allege other elements of induced and contributory infringement.  Mr. Golden does not allege that Apple specifically intended for anyone to infringe any particular patent, as is required to state a claim for induced infringement.  *See* 35 U.S.C. § 271(b); *see also Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2022 WL 899421, at *16 (N.D. Cal. Mar. 27, 2022), *appeal dismissed*, No. 2022-1733, 2022 WL 3044663 (Fed. Cir. Aug. 2, 2022).  Likewise, Mr. Golden does not allege (as he must for a contributory infringement claim) that the accused product is not suitable for a substantial non-infringing use.  *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643, at *6 (N.D. Cal. 2022), *leave to appeal denied*, No. 2022-134, 2022 WL 1486359 (Fed. Cir. May 11, 2022).

Therefore Mr. Golden has not plausibly alleged indirect infringement and the District Court should be affirmed.

### 4. Mr. Golden fails to allege a plausible claim of joint infringement.

On appeal, Mr. Golden asserts that he wishes to amend his complaint to add an allegation of "'joint infringement' between Apple and Google." (Br. at 15.) Even if he were permitted to advance this theory—and he should not—it fails as a matter of law.

Mr. Golden has not identified facts to support all of the required elements of joint infringement.  Joint infringement, a theory in which multiple actors jointly infringe, requires a showing that one of the actors directs or controls the others' performance, or that the actors form a joint enterprise.  *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1376 (Fed. Cir. 2017).  He does not allege that Apple or Google exert the requisite direction or control, or that they form a joint enterprise.  And Mr. Golden's vague efforts to allege joint infringement in his informal opening brief are unsupported by any facts that could satisfy these elements.

Mr. Golden previously alleged joint infringement between Google and Apple and between Google and Qualcomm in *Golden VI*.  (Appx957-963 (*Golden VI* Complaint at 19-26 (Google and Apple), 27-38 (Google and Qualcomm))).  *Golden VI* was dismissed by the district court, remanded by this Court for a more-detailed consideration of Mr. Golden's claim chart, and has since been once again recommended for dismissal by the Magistrate Judge (a recommendation to which Mr. Golden did not object).  And in his latest case against Google, *Golden v. Google LLC*, No. 4:22-cv-05246 (N.D. Cal. filed Sept. 14, 2022), Mr. Golden again alleges joint infringement between Google and Apple.  Complaint, 22-cv-05246, at Doc. 1 at 19-26 (Google and Apple), 27-38 (Google and Qualcomm).  Mr. Golden does not address these pleadings or allege that they support his late attempt to articulate a joint infringement theory in this case.

Therefore, Mr. Golden has not is not plausbily alleged joint infringement, even if the Court considers this new theory.

### B.    The District Court correctly dismissed Mr. Golden's antitrust and unjust enrichment claims.

The District Court was also correct to dismiss Mr. Golden's antitrust and unjust enrichment claims as frivolous and failing to state a claim.  Mr. Golden's informal opening brief fails to meaningfully engage with this dismissal, focusing instead on his patent-based arguments.  To the extent Mr. Golden's appeal can be understood to encompass the dismissal of his antitrust and unjust enrichment claims, the District Court aptly described his complaint as "fail[ing] to state an even remotely plausible claim."  (Appx1.)

### 1.    Mr. Golden's antitrust and unjust enrichment claims are frivolous attempts to evade issue preclusion.

In his informal opening brief, Mr. Golden asserts that the District Court committed clear error when it "failed to consider Apple's knowledge of Plaintiff's intellectual property subject matter and Apple's motives to unjustly enrich itself by violating certain antitrust laws." (Br. at 27.)  But Mr. Golden simply recites the elements of unjust enrichment and lists various antitrust statutes, conflating the two concepts as he has done consistently both on appeal and in his district court briefing, and nowhere does his informal opening brief identify any acts that could plausibly constitute an antitrust violation.  In fact, all Mr. Golden offers in support of this

antitrust/unjust enrichment theory is that "Apple has enriched itself . . . by using Plaintiff's patented [CMDC] devices." (*Id*.)

Mr. Golden's lack of substantive arguments in support of his antitrust and unjust enrichment claims is unsurprising, for in reality—and as other courts have repeatedly acknowledged—these theories are nothing more than an attempt to recast his patent claims to evade the preclusive effect of prior dismissals. *See* Report and Recommendation, *Golden IV*, 2020 WL 11624670, at *5 ("[I]n light of . . . [P]laintiff's attempt to circumvent the dismissal of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous."). As in prior cases, Mr. Golden's disavowal of patent infringement damages notwithstanding, the antitrust and unjust enrichment allegations "rely upon [Mr. Golden's] assertion that the defendants' actions constitute patent infringement," as well as the argument that defendants' refusal to pay licensing royalties "prevented [Mr. Golden] from accessing the market for CMDC devices." *Id*. That the patent infringement claims are the true core of Mr. Golden's concerns is evidenced by his informal opening brief, which focuses almost exclusively on the patent issues and makes only a glancing mention of antitrust and unjust enrichment. And in any case, even if patent infringement had been plausibly alleged—which, for the reasons explained above, it

has not—patent infringement does not constitute a cognizable antitrust injury.[8]  *See Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 893 (5th Cir. 2016) (recognizing the principle that even if properly pleaded, patent infringement is not cognizable antitrust injury).  The District Court therefore correctly dismissed these claims as frivolous.

### 2.    Mr. Golden waived his arguments against the dismissal of his antitrust and unjust enrichment claims.

Not only are Mr. Golden's antitrust and unjust enrichment claims frivolous, but they are waived by his failure to meaningfully address their dismissal in his informal opening brief.  "An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal" may properly be deemed waived.  *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999).  Here, the District Court found that, in addition to failing to plausibly allege antitrust standing, "Golden's antitrust allegations fail to state an even remotely plausible claim," (Appx1), but Mr. Golden's informal opening brief did not contain any argument asserting that those claims were properly stated or

---

[8]  To the extent that Golden is arguing that Apple's purported patent infringement constitutes unjust enrichment, such a claim is preempted by federal patent law. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998) (overruled on other grounds) ("If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law.").

explaining why they are not frivolous. Mr. Golden's lack of engagement with those conclusions on appeal constitutes waiver of these claims, and dismissal should be affirmed. Mr. Golden's bald assertion that he established "legal standing" for violations of antitrust laws (Br. at 29 (referencing his "Original Complaint for more details")), is nothing more than a "conclusory formulaic recitation[] of the elements" of an (unspecified) antitrust claim and unjust enrichment claim, *Golden III*, 819 F. App'x at 931, and, as such, is insufficient to avoid waiver because it fails to engage with the actual issues decided by the District Court.

### 3. Mr. Golden failed to state an antitrust or unjust enrichment claim in his original Complaint.

Even if this Court were to read Mr. Golden's informal opening brief generously, coupling the conclusory and nearly non-existent arguments in his briefing with the scant allegations in his Complaint, and undertake *de novo* review of the dismissal of the antitrust and unjust enrichment allegations, Mr. Golden still fails to state a claim. Mr. Golden's claims are deficient because they rely on conclusory allegations and because Mr. Golden lacks antitrust standing.

Mr. Golden's antitrust claims lack the requisite factual allegations required to support a claim. Mr. Golden's Section 1 Sherman Act allegations are deficient because he does not allege direct or circumstantial evidence of any supposed conspiracy and simply asserts the existence of a conspiracy between the Federal

Government and various corporations.  Mr. Golden never alleges any direct or
circumstantial evidence of any supposed conspiracy and makes no effort to explain
the supposedly unlawful objective of the Cell-All initiative or how the alleged
conspiracy restrained trade.  Mr. Golden's Section 2 claims are similarly deficient.
Mr. Golden fails to allege anything other than his belief that Apple is a monopolist,
never alleging a relevant antitrust product market or any exclusionary conduct.  His
allegations are characteristic of "conclusory allegation[s] based on information and
belief" that are "insufficient under *Iqbal*/*Twombly*."  *Menzel v. Scholastic, Inc.*,
No. 17-cv-05499-EMC, 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018); *see
also Columbia Pictures Indus., Inc. v. Prof. Real Est.  Invs., Inc.*, 944 F.2d 1525,
1529 (9th Cir. 1991) (noting that allegations of mere personal belief of a company's
actions or motivations "does not raise a triable issue of fact"), *aff'd*, 508 U.S. 49
(1993).

Mr. Golden also fails to satisfy the antitrust standing requirement.  As the
District Court correctly acknowledged, "Golden does not (and cannot) plausibly
allege a conspiracy or an injury 'of the type the antitrust laws were intended to
prevent.'"  (Appx1, citing *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 456
(9th Cir. 2021)).  Mr. Golden's vague assertions fail to connect his inability to
"receive royalty compensation for [his] patented CMDC devices," (Appx24 (Compl.
¶ 49)), to any particular anticompetitive act that led to this supposed exclusion, nor

facts indicating he was ever injured in any market in which Apple operates.  *See Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1057 (9th Cir. 1999). ("Antitrust injury requires the plaintiff to have suffered its injury in the market where competition is being restrained.").  Mr. Golden's antitrust claims "rest[] at bottom on some abstract conception or speculative measure of harm," *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 543 (1983) (citation omitted), and, as such, the District Court was correct to dismiss them.

To the extent Mr. Golden's "unjust enrichment" claims are independent of his antitrust claims, they too should be dismissed.  As with the antitrust claims, the unjust enrichment claims are also derivative of and seek the same relief as his patent infringement claims.  Mr. Golden appears to view unjust enrichment as an element of his antitrust allegations, though he fails to explain how the two legal theories are related.  Fundamentally, however, regardless of how the theory is presented, Mr. Golden never even attempts to allege facts sufficient to state an unjust enrichment claim, instead merely reciting the elements of the claim in an attempt to circumvent his inability to pursue patent infringement.

\*\*\*

For the foregoing reasons, the District Court's dismissal of Mr. Golden's patent infringement, unjust enrichment and antitrust claims should be affirmed.

II.    **The District Court Correctly Held that, in the Alternative, Mr. Golden's Patent Claims are Barred by Issue Preclusion.**

The District Court also correctly held that Mr. Golden was precluded from pursuing his patent claims because they are barred by issue preclusion.  In *Golden I*, Mr. Golden asserted the same patent infringement issue he raises in this case.  As part of his case against the Government in *Golden I*, he argued that Apple products (the same products at issue in this case) met all the limitations of his patent claims (the same patent claims at issue here).  He lost, and his *Golden I* complaint was dismissed with prejudice.    Because Mr. Golden relies on the same patent infringement assertion in this case, the District Court correctly determined that Mr. Golden's patent infringement claims against Apple are barred by issue preclusion.  This Court reviews issue preclusion *de novo*.  *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1341 (Fed. Cir. 2013) (reciting standard of review and affirming summary judgment of collateral estoppel).

Issue preclusion applies because Mr. Golden asserted that the same Apple products infringe the Claim Chart Patents in both *Golden I* and in this case.  The Federal Circuit recently applied issue preclusion in similar circumstances.  *Glover v. Cohen*, No. 2021-2126, 2022 WL 5082130, at *2 (Fed. Cir. Oct. 5, 2022) (applying Third Circuit issue preclusion factors).  There, Glover, a *pro se* plaintiff, had originally asserted that a Breathe Right dilator product infringed his patents in a suit against CNS, the manufacturer of those products.  *Id.* at *1.  Glover lost that

suit. *Id*. Glover later sued Cohen, again asserting that Breathe Right products infringe his patents. *Id*. The Federal Circuit, construing Glover's *pro se* claims liberally, held that issue preclusion barred Glover from proceeding with the second suit. *Id*. at *3. Similarly, Mr. Golden is asserting in this case that the same Apple products at issue in *Golden I* infringe his patents. He, like Glover, is precluded from doing so, even though the defendant in *Golden I* (the Government) is different than the defendant in this case (Apple).

Mr. Golden's *pro se* status cannot save his claims from preclusion, and this Court should apply preclusion to affirm dismissal of this case, even though he is a *pro se* plaintiff-appellant. While remaining "mindful of [the] obligation to construe [Mr. Golden's] pleadings liberally because he is proceeding *pro se* . . . the *pro se* plaintiff must still meet jurisdictional requirements." *Miller v. United States*, No. 10-274 T, 2010 WL 3835025, at *2 (Fed. Cl. Sept. 28, 2010). "It is beyond cavil that the issue of collateral estoppel [i.e., issue preclusion] goes to subject matter jurisdiction." *Lowe v. United States*, 79 Fed. Cl. 218, 228 (2007). And a court may not make an exception for *pro se* litigants. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (vacating district court's grant of an exception to jurisdictional requirement for *pro se* plaintiff).

Mr. Golden's repeat litigation satisfies the elements of issue preclusion under both the Ninth Circuit and Federal Circuit formulations (which are similar).[9] The Federal Circuit requires that: "(1) the issue sought to be precluded must be the same as the one involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment." *Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1346 (Fed. Cir. 2022) (dismissing appeal based on collateral estoppel). And the Ninth Circuit has found collateral estoppel where: "(1) the issue necessarily decided at the previous proceeding is identical to the one that is currently sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the first proceeding."[10] *Reese v. Verizon California, Inc.*, 498 F. App'x 980, 982 (Fed. Cir. 2012). Both the Federal

---

[9]  The Federal Circuit recently noted the ambiguity as to whether regional circuit law or Federal Circuit law applies to issue preclusion. *Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1346 n.3 (Fed. Cir. 2022). In an attempt to simplify resolution of this appeal, Appellee demonstrates that Golden's repeat litigation satisfies either formulation.

[10]  In its motion to dismiss, Apple relied on a similar issue preclusion test: "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party," which is grounded in California state law, as articulated in *Abe v. AFCH, Inc.*, No. 2:20-cv-08193-ODW (PVCx), 2021 WL 2209309, at *4 (C.D. Cal. June 1, 2021). (Appx280 (Br. (Doc. 12) at 7)).

Circuit and Ninth Circuit have also required that the precluded party had a "full and fair opportunity" to litigate the issue. *Yufa v. Hach Ultra Analytics, Inc.*, 629 F. App'x 983, 986 (Fed. Cir. 2015) (affirming noninfringement judgment based on issue preclusion); *Syverson v. Int'l Bus. Machs. Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) (listing issue preclusion factors). Mr. Golden is, of course, the same plaintiff as in *Golden I*. Each of the remaining factors is satisfied.

### A. The Issue of Infringement by Apple Products is the Same in this Case as in *Golden I*.

The issue of whether Apple products infringe the asserted patent claims was an element of Mr. Golden's case against the Government in *Golden I* and formed the basis of the District of South Carolina's dismissal of his parallel suit against Apple and other manufacturers as duplicative of *Golden I*. The Court should affirm the dismissal of this case for the same reasons.

In *Golden I*, Mr. Golden sued the United States in the Court of Federal Claims under 28 U.S.C. § 1498(a), where Mr. Golden alleged that manufacturers, including Apple, made infringing products for the United States. *Golden I*, 2022 WL 4103287, at *1. The elements of § 1498(a) are an "(1) invention claimed in a United States patent; (2) is 'used or manufactured by or for the United States,' meaning ***each limitation is present in the accused product or process***; and (3) the United States has no license or would be liable for direct infringement of the patent right for such

use or manufacture if the United States was a private party." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1319 (Fed. Cir. 2012) (emphasis added).

To satisfy the second element of § 1498(a), Mr. Golden asserted that Apple products infringed various claims of his patents. After six amended complaints, and in a corrected set of infringement contentions in *Golden I*, Mr. Golden asserted that various Apple products infringed 25 patent claims of the five Claim Chart Patents. Appx321 (*Golden I*, Doc. 240-1 at A0001); *Golden I* Opinion at *2; *see also* Appx0310-0319 (Golden I, Sixth Amended Complaint).[11] That issue was resolved by the Court of Federal Claims, which held that Mr. Golden had not shown that any Apple product infringed those claims. *Golden I* at *2. The claim chart attached to Mr. Golden's Complaint in this case as Exhibit F is identical to the Apple portion of his corrected infringement contentions from *Golden I*. (*Compare* Appx47-266 (Compl. Ex. F) *with* Appx370-547 (York Decl. at Exhibit 3 (Excerpt of *Golden I*, Doc. 240-1 at 479–656); *see also* Appx1079-1100 (complete set of initial pages of these contentions and the first several pages of the claim chart that is attached in full as York Decl. at Exhibit 3). Mr. Golden does not dispute that Exhibit F to his Complaint is an exact duplicate of the Apple portion of his *Golden I* contentions.

---

[11] *See also* Appx1055-1058, Appx1079-1091, Appx1745, Appx1770-1771.

(Appx1004 (Opp. 19); *see also* Appx988, Appx991, Appx998, Appx1000, Appx1011 (Opp. at 3, 6, 13, 15, and 26.))

Because Mr. Golden raises this same infringement dispute in this case, the issues are identical between *Golden I* and this case. *SynQor, Inc v. Vicor Corp.*, 988 F.3d 1341, 1353 (Fed. Cir. 2021) (this factor satisfied if "essentially the same dispute" at issue). Mr. Golden copied the Apple portion of his *Golden I* corrected infringement contentions and asserted those contentions in this case, as Exhibit F to his Complaint. While Mr. Golden does mention some additional Apple products and patent claims in his Complaint, those allegations are cursory and vague.[12] Thus, the only substantive infringement allegations that Mr. Golden makes are set forth in Exhibit F, which is necessarily identical to his infringement allegations against Apple in *Golden I* (because they are an exact copy of those allegations).

**B.    The Issue of Infringement by Apple Products was Actually Litigated in *Golden I*.**

The sufficiency of Mr. Golden's infringement contentions against Apple products was actually litigated in *Golden I*. The Government first moved to dismiss the case due to Mr. Golden's deficient infringement contentions, on the basis that,

---

[12]    *See* Section I.A.1 herein. As explained in Section I.A.2, Golden also included additional factual contentions in each of his briefs opposing Apple's motion to dismiss and in his appellate brief, but those contentions are also cursory and vague, and Golden has never explained how these contentions would cure the defects in his complaint.

for example, Mr. Golden failed to identify "biological, chemical, or radiological sensors/detectors" in the accused devices, despite the fact that the asserted claims specifically require such sensors. *Golden I*, 2021 WL 3238860, at *4. The Court of Federal Claims held that Mr. Golden had failed to identify the claimed sensor (in some claims), or the claimed locking feature (in other claims), and therefore he had failed to identify a required element of each claim. *Id.* at *6. The Court of Federal Claims allowed Mr. Golden to amend his contentions, rather than dismiss them outright, but the court cautioned Mr. Golden that "[i]f plaintiff fails to file a claims chart which complies with Rule 4 [of the Court's Patent Rules], the court will assume that it cannot be done and that the complaint should be dismissed." *Id.* at *7.

Mr. Golden filed corrected contentions, and the Government moved to strike the contentions and dismiss the complaint a second time, arguing that Mr. Golden's corrected contentions were deficient because they again failed to specifically identify the hazardous material sensors in any of the accused products and again did not identify in any of the accused devices how the unlocking function is performed in response to the detection of a hazard.[13] *See Golden I*, 156 Fed. Cl. at 627–28. The Court granted this motion, holding that "plaintiff's corrected preliminary

---

[13] See Appx1048-1076, Appx1079-1100, Appx1745, Appx1776-1785.

infringement contentions are irreparably deficient and must be struck." *Id*. at 632.
The court explained:

> Plaintiff has had eight years to come up with a plausible theory of
> infringement against the United States and the third parties [including
> Apple] whose products he alleges were made at the behest of the
> government.  Mr. Golden has amended his complaint six times in
> response to the government's objections to the shortcomings in his
> pleadings.  As we warned earlier, failure to produce a sufficiently
> detailed claim chart would cause the court to assume that it cannot be
> done.  That has happened.

*Id*.  Mr. Golden appealed the dismissal, and the Federal Circuit affirmed.  *Golden I*,
2022 WL 4103287, at *2.

The Federal Circuit has applied the "actually litigated" standard broadly to
include even allegations that were framed by the pleadings and not withdrawn.  *See*
*VirnetX Inc. v. Apple Inc.*, 792 F. App'x 796, 803 (Fed. Cir. 2019) (applying
preclusion to invalidity defenses that were asserted but never raised at trial).  Here,
where the issue of whether Apple products infringe was the core of what was
litigated, it is clear that Mr. Golden's claims were actually litigated, and this element
is satisfied.

### C.    This Issue of Infringement by Apple Products was Necessarily Decided and is Essential to the Prior Judgment in *Golden I.*

The infringement issue was also necessarily decided and essential to the
judgment in *Golden I*.  Indeed, it was the basis for that judgment.  *Golden I* was

dismissed because Mr. Golden failed to state a plausible infringement contention against Apple (and other manufacturer's) products. The *Golden I* Court dismissed that case in response to the Government's motion to dismiss the case for failing to state an infringement claim. The *Golden I* court held that Mr. Golden failed to articulate, despite being given multiple opportunities, a plausible infringement allegation. The Federal Circuit affirmed the dismissal of *Golden I*, explaining that "[d]espite having eight years to develop his case and two chances to provide infringement contentions compliant with Patent Rule 4, Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents: the sensor and locking limitations." *Golden I*, 2022 WL 4103287, at *2. Accordingly, Mr. Golden's claims were decided in *Golden I*.

### D.     Mr. Golden Had a Full and Fair Opportunity to Litigate the Issue of Infringement by Apple Products in *Golden I*.

The Court of Federal Claims gave Mr. Golden the opportunity to file six amended complaints and a corrected set of infringement contentions. Mr. Golden also filed and litigated an appeal on the merits of his infringement contentions before this Court. On appeal, Mr. Golden did not argue that Apple products included the missing claim limitations that had resulted in dismissal of *Golden I*. Instead, he argued that "the Claims Court erred in failing to consider sensors and detectors that are not 'native' to the manufacture of Apple and Samsung products." *Golden I*, 2022 WL 4103287, at *2. Thus, Mr. Golden fully litigated the exact same issue in *Golden*

*I* and its appeal—whether his infringement contentions against Apple products are deficient—that Apple raised in its successful motion to dismiss in this case.

### E.   This Infringement Issue was Decided by a Valid and Final Judgment.

The judgement in *Golden I* is valid and final because the *Golden I* court dismissed that case with prejudice, and the Federal Circuit affirmed that dismissal. *Golden I*, 2022 WL 4103287, at \*2.

\*\*\*

Because each of the factors the Ninth and Federal Circuits consider in evaluating issue preclusion are met, Mr. Golden's infringement claims are precluded.  Accordingly, the District Court should be affirmed.

## III.   Alternatively, Mr. Golden's Patent Claims are Barred by the *Kessler* Doctrine.

Even if issue preclusion does not bar this case, the *Kessler* doctrine does, and this Court may affirm on that basis, even though there was no need for the District Court to reach this issue.  *See Golden III*, 819 F. App'x at 930 (Federal Circuit may affirm on any supported ground).  Mr. Golden ignored the *Kessler* doctrine in briefing before the District Court and in this appeal.  As a result, Mr. Golden has waived his arguments, if any, against the application of this doctrine.  *HTC Corp. v. IPCom GmbH & Co., KG*, 667 F.3d 1270, 1281-82 (Fed. Cir. 2012) (collecting cases applying waiver rule).

48

The *Kessler* doctrine is broader than issue preclusion.  The doctrine operates to fill the gaps in issue and claim preclusion doctrine to prevent a plaintiff from repeatedly harassing a manufacturer through multiple suits against different parties (such as the manufacturer and third parties such as customers).  *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014).  The doctrine is in effect a limited trade right to produce, use and sell a product.  *Id.*

The *Kessler* doctrine applies once a plaintiff loses its suit in which that plaintiff accused products of infringement.  The doctrine does not require that the issue of non-infringement be "actually litigated."  *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1379 (Fed. Cir. 2020), *cert. denied sub nom. PersonalWeb Techs., LLC v. Patreon, Inc.*, 142 S. Ct. 2707 (2022).  Therefore, a dismissal of a patent infringement case with prejudice operates as a "an adjudication of non-liability for infringement for purposes of invoking the *Kessler* doctrine." *Id.* at 1379.

The *Kessler* doctrine applies to all claims that were brought and those that "could have been brought."  *In re PersonalWeb Techs. LLC*, 961 F.3d at 1374. Therefore, the *Kessler* doctrine applies to patents, not only patent claims.  Once final judgment is entered in an infringement litigation without a finding of infringement, the manufacturer is free to develop and sell the accused products with the understanding that those products do not infringe the asserted patents. *Brain Life, LLC*, 746 F.3d at 1051.

The Federal Circuit has applied the *Kessler* doctrine in circumstances similar to this case. In *In re PersonalWeb*, the plaintiff originally filed a patent infringement case against Amazon and one of its customers, alleging that Amazon's Simple Service Storage (S3) product infringed several patents. *In re PersonalWeb Techs. LLC* at 1370. After claim construction in that original case, PersonalWeb stipulated to dismissal of its claims with prejudice. *Id*. at 1372. PersonalWeb later filed a suit alleging that multiple Amazon's customers infringed the same patents via their use of the S3 product. The district court held that the *Kessler* doctrine precluded this second suit, even when third parties allegedly performed the infringement in the second suit. *Id*. at 1373. The Federal Circuit affirmed, holding that "the with-prejudice dismissal resolved the dispute about liability for the alleged patent infringement. . . ." *Id*. at 1379. Therefore, "the stipulated dismissal with prejudice conferred upon Amazon a limited trade right to continue producing, using, and selling Amazon S3 without further harassment from PersonalWeb, either directly or through suits against Amazon's customers for using that product." *Id*.

The same result should apply in this case. Because the issue of infringement by Apple products was at issue and necessary to the resolution of *Golden I*, the dismissal with prejudice of Mr. Golden's claims in that case resolved the dispute about liability for alleged patent infringement involving those products.

The Supreme Court created the *Kessler* doctrine to prevent repeated harassment by plaintiffs that interferes with the development and sale of products that have been the subject of unsuccessful infringement lawsuit. *In re PersonalWeb Techs. LLC* at 1376. That policy, and the underlying legal doctrine, apply whether the first suit is against a customer, the government, or the manufacturer itself. Here, Mr. Golden asserted that Apple products infringe his patents not only in *Golden I* (which was dismissed with prejudice), and also in *Golden III* and *IV* (both of which were dismissed without prejudice). This situation is the paradigmatic example of repeated harassing lawsuits that should be stopped by the *Kessler* doctrine.

## IV.    The District Court Did Not Abuse Its Discretion in Dismissing Mr. Golden's Complaint without Providing Mr. Golden an Opportunity to Amend.

The District Court properly exercised its discretion to dismiss Mr. Golden's complaint without leave to amend. The trial court's exercise of discretion should not be disturbed unless this Court is left with a definite and firm conviction that the district court committed a clear error of judgment. *See Golden I*, 2022 WL 4103287, at *2.

The District Court did not err in deciding that Mr. Golden's case could not be salvaged, nor abuse its discretion in dismissing without an opportunity to amend given Mr. Golden neither sought to amend nor explained how amendment would cure the defects in the complaint. *Haywood v. Massage Envy Franchising, LLC*, 887

F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects."). Mr. Golden had the burden to move to amend prior to dismissal. FED. R. CIV. P. 15(a)(2). And thus, in the absence of such a showing, the District Court was well within its discretion to dismiss with prejudice. *See Fosnight v. Jones*, 41 F.4th 916, 925 (7th Cir. 2022).

Even putting aside the lack of a motion to amend and lack of any explanation as to how an amendment would cure the Complaint's defects, the District Court did not abuse its discretion in denying leave to amend under the factors that the Ninth Circuit considers. The factors courts consider in denying amendment are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Doe ex rel. United States v. Vratsinas Constr. Co.*, 853 F. App'x 133, 134 (9th Cir. 2021).

Factors 2, 4 and 5 strongly support upholding the court's dismissal as a sound exercise of discretion. Because several factors support the court's decision, there is no abuse of discretion. *Id*. at 135 (noting that presence of several, rather than all, factors was sufficient to find no abuse of discretion). Mr. Golden had multiple opportunities to amend the same set of infringement allegations in *Golden I*. He was on specific notice of the deficiencies in his contentions based on the opinions of the

Court of Federal Claims and the Federal Circuit.  Yet, Mr. Golden did nothing to change his contentions, simply filing an exact copy in a new venue.  Only when faced with a motion to dismiss from Apple did he make any attempt, in each successive brief, to modify his contentions in an effort to avoid dismissal.

It is apparent, as the Court of Federal Claims recognized, that it would be futile to allow Mr. Golden yet another opportunity to amend his contentions.  He was given six chances to amend his complaint in *Golden I*, and two chances to amend his infringement contentions.  The Court of Federal Claims dismissed *Golden I* because the court concluded that Mr. Golden was never going to be able to articulate a plausible infringement claim.  *See Golden I*, 156 Fed. Cl. at 632.  Moreover, as outlined in Section I.A.1, *supra*, Mr. Golden failed to demonstrate that he can cure these defects even when improperly asserting new facts in his opposition brief before the District Court or in his informal opening brief before this Court.  Although the Federal Rules of Civil Procedure state that leave to amend should be freely given when justice so requires, FED. R. CIV. P. 15(a)(2), this liberality in granting leave to amend is subject to qualifications, one of which is that amendment should be denied where it would "constitute an exercise in futility."  *Siegler v. Sorrento Therapeutics, Inc.*, No. 2020-1435, 2021 WL 3046590, at *13 (Fed. Cir. July 20, 2021) (no abuse of discretion in denying leave to amend).

## <u>CONCLUSION</u>

The District Court correctly dismissed Mr. Golden's claims as frivolous.  His claims that Apple products infringe his patents were dismissed three times before he filed this case.  Courts have also rejected Mr. Golden's attempt to style his infringement claims as antitrust violations.  Mr. Golden cites no law or principle that requires a district court to continue to entertain these same claims, which he has presented in various forms for nearly ten years now.  This litigation should end with this appeal.

DATED: February 21, 2023          Respectfully submitted,


                                  /s/  Julia K. York
                                  Julia K. York
                                  SKADDEN, ARPS,
                                    SLATE, MEAGHER & FLOM LLP
                                  1440 New York Avenue, N.W.
                                  Washington, D.C. 20005
                                  Tel: (202) 371-7000

                                  Christopher J. Coulson
                                  SKADDEN, ARPS,
                                    SLATE, MEAGHER & FLOM LLP
                                  One Manhattan West
                                  New York, NY 10001
                                  Tel: (212) 735-3785

                                  *Counsel for Defendant-Appellee*
                                  *Apple Inc.*

# **CERTIFICATE OF COMPLIANCE**

The brief complies with the type-volume limitation of Federal Circuit Rule 32(a).  This brief contains 13,738 words, excluding the parts of the brief exempted under Federal Rules of Appellate Procedure 32(f) and Federal Circuit Rule 32(b).

The brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).  This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.


DATED: February 21, 2023         By:    /s/  Julia K. York
                                                    Julia K. York

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 21, 2023, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF System.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


DATED: February 21, 2023          By:     /s/  Julia K. York       
                                                                      Julia K. York